IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| EARNEST J. TAYLOR, JR., #01584885 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv121 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Earnest J. Taylor, Jr., an inmate confined in the Texas prison system, proceeding with the assistance of counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Petitioner is challenging his Grayson County conviction for possession of a controlled substance, namely, cocaine, in an amount of four grams or more, but less than two hundred grams, Cause No. 056693. On February 18, 2009, a jury found him guilty and sentenced him to eight years' confinement. He appealed his case to an intermediate state appellate court. The Fifth Court of Appeals affirmed his conviction on July 28, 2010. *Taylor v. State*, No. 05-09-00645-CR, slip op. (Tex. App.–Dallas, 2010, pet. ref'd). Petitioner filed a Petition for Discretionary Review (PDR), which was refused by the Texas Court of Criminal Appeals (CCA) on January 26, 2011, PD-1459-10. He did not file a state application for writ of habeas corpus.

The present petition for a writ of habeas corpus was filed on January 24, 2012. In his petition,

Petitioner alleges that he is entitled to relief because the Fifth Court of Appeals did not provide a meaningful review of his claims, he was not given his *Miranda* warnings, and there was no probable cause for the traffic stop and subsequent search.

The State filed a Response, asserting that Petitioner has failed to exhaust his state remedies. Petitioner did not file a Reply.

## Exhaustion of State Remedies

Section 2254 does not allow a petitioner to file a petition for writ of habeas corpus unless he is "in custody" and has exhausted his available state remedies. 28 U.S.C. § 2254(b)(1). A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993).

In contrast, the terms of Section 2241(c)(3), which empower district courts to issue a writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state

court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). This exhaustion doctrine was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See id.* at 225. The United States Supreme Court determined that, absent "special circumstances," a pretrial detainee may not adjudicate the merits of an affirmative defense to a state criminal charge before a judgment of conviction has been entered by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id*. at 493.

In the present case, Petitioner asserts that the Fifth Court of Appeals did not afford him a meaningful review of his direct appeal. While he raised this claim in his PDR, he did not raise his remaining claims – that he was not given his *Miranda* warnings and that probable cause did not exist for the traffic stop and subsequent search. Accordingly, the remaining claims are unexhausted and should be dismissed for failure to exhaust. While his first claim is exhausted, Petitioner presents a mixed petition of both exhausted and unexhausted claims; thus, this Court need not consider the claims at this time. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (petition containing both exhausted and unexhausted claims should be dismissed without prejudice).

<u>Recommendation</u>

It is recommended that the above-styled petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state habeas corpus remedies.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve

and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 2nd day of July, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE